UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————

GRAND PRODUCTION D.O.O. BEOGRAD;
NOVA BH D.O.O. SARAJEVO f/k/a
PINK BH COMPANY D.O.O. SARAJEVO;
PREDUZEĆE ZA INFORMISANJE I MARKETING
NOVA M. D.O.O. PODGORICA; and
UNITED MEDICA S.A.R.L.,

                              Plaintiffs,              No. 7:19-CV-00499-KMK-LMS

        v.

WORLD STREAMEDIA, INC. and
CONSOLIDATED TRISTATE NETWORKS, INC.,

                              Defendants.

—————————————————————

### STIPULATED AND [PROPOSED] PROTECTIVE ORDER

*with new ¶ 15A*

        The parties, by their counsel, hereby stipulate and agree that in connection with this

litigation, if there is an occasion to disclose information deemed by any party to constitute

confidential or proprietary information, the following procedures shall be employed and the

following restrictions shall govern:

        1.      For purposes of this Order, confidential information shall mean information

within the knowledge or possession of any party that the party asserting the confidentiality

thereof reasonably believes to be protectable as confidential information or as trade secret.

        2.      Any testimony, information, documents or things, including without

limitation, interrogatories, answers to interrogatories, depositions and answers to admissions,

which any party believes, in good faith, is confidential or proprietary (hereinafter "Protectable

Information") and should be accorded confidential treatment in order to protect the interests of

the party, shall be marked or otherwise designated as "CONFIDENTIAL." Provided, however,

that the parties shall not mark as "CONFIDENTIAL" any document whose confidentiality is not

reasonably necessary for bona fide business or privacy reasons. All Protectable Information

which are to be filed with the United States District Court which contain, reproduce, incorporate

or paraphrase anything marked or designated "CONFIDENTIAL" shall be filed in sealed

envelopes or other appropriately sealed containers on which shall be endorsed the caption of this

proceeding, indication of the nature of the contents of such envelope or container, the words

"CONFIDENTIAL," and a statement to the effect that "This envelope contains confidential and

proprietary information and is neither to be opened nor the contents thereof displayed or revealed

to anyone except pursuant to an order of the Court or by consent of the parties."

     3.     If the producing party designates discovery material as "CONFIDENTIAL"

after copies thereof have been delivered to the receiving party, the delivered copies thereafter

shall be treated in accordance with such designation.

     4.     Information disclosed at a deposition may be designated as

"CONFIDENTIAL" by indicating on the record at the deposition that the testimony is

confidential subject to the provision of this order and, within ten (10) days of receipt of the

transcript, the designating party shall indentify the specific pages and lines of the transcript, or

the specific exhibits, which are confidential. A party may also designate information disclosed at

such a deposition as confidential by notifying all parties in writing within ten (10) days of receipt

of the transcript of the specific pages and lines of the transcript, or the specific exhibits which are

confidential. Each party shall attach a copy of such written statement to the face of the transcript

and each copy thereof in his possession, custody or control. The entire content of any deposition

transcript shall be treated as "CONFIDENTIAL" for a period of 10 days after a full and complete

transcript of said deposition is available.

     5.     Documents, depositions or information designated as "CONFIDENTIAL"

shall be disclosed only to:

(a)     outside counsel for the parties, namely the firms of HODGSON RUSS LLP (attorneys for Defendants); REED SMITH LLP (attorneys for Plaintiffs), the paralegals and support staff of said firms who are employed in the preparation and trial of this action;

(b)     Borivoje Stefanović, Chief Operation Officer of NetTV; Duško Martić, Ph.D., United Media, Head of Content Security & DPO; Nikola Milovančević, United Media, Content Security Manager; Viktor Srbljak, United Media, Content Security Technician; Ninoslav Meić, Head of technical support of NetTV;

(c)     Branislav Maletic and Imran Tahir,  principals of Defendants;

(d)     Those employees of the parties, provided that, in good faith, their assistance is required in connection with the litigation;

(e)     Consultants or experts retained for the purposes of this litigation or necessary for the work being performed by such consultant or expert and so long as the expert or consultant is not an employee of Plaintiffs or Defendants;

(f)     If reasonably necessary for the prosecution or defense of this litigation, upon agreement of the parties, such agreement not to be unreasonably withheld, any person from whom testimony is taken or is to be taken in these actions, except that such person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

(g)     The Court or the jury at trial or as exhibits to motions.

6.     The confidential information may be revealed to and discussed with the persons identified in paragraphs 5(b), (c), (d), (e) and (f) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign an agreement in the form attached hereto as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

7.    For the purposes of paragraph 5(g), the confidential information shall not be filed with the Court absent: (i) consent from the party designating the materials as confidential; or (ii) the issuance of a sealing order from the Court addressing such confidential information.

8.    If a party producing CONFIDENTIAL discovery responses considers that its nature is such that it shall be available only to opposing counsel of record and independent experts and not to the opposing party itself pursuant to paragraph 5(b), (c) and (d) such information shall in addition to the markings described above, be marked "ATTORNEY'S EYES ONLY." "ATTORNEY'S EYES ONLY" documents shall include: (i) trade secrets or other confidential research, development or commercially sensitive information; (ii) confidential research and development documents such as test data, source code, prototypes, engineering drawings or marketing studies; (iii) internal financial documents demonstrating costs, profits and expenses; (iv) non-public documents showing current customers who have purchased goods or services or expressed an intent to purchase goods or services; (v) non-public documents showing vendors from whom goods or services were purchased; (vi) non-public financial statements; (vii) nonpublic tax returns; (viii) marketing strategy documents; and (ix) any other category of documents that may be stipulated to by all parties in writing.  Absent written approval from the producing party, counsel and any other person receiving such material shall not transfer the same to the client or the client's officers and employees nor redisclose the same or the substance thereof to the client or its officers and employees, nor use such information for any purpose other than strictly for this action, nor for any business purpose, but may otherwise handle the same in accordance with the other provisions of this Order.

9.    If at any time a party objects to a designation of Protectable Information as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY," the objecting party shall notify the designating party in writing.  The notice shall identify the material or information in question and set forth in reasonable details why the discovery material is not entitled to "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" treatment; provided, however, that it remains at all times

the burden of the designating party to demonstrate that the information is entitled to confidential or attorney's eyes only treatment. If the matter cannot be resolved after good faith negotiations, the objecting party may apply to the Court for a ruling as to the confidential nature of the discovery material. The discovery material or information shall be treated as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" until the Court rules on the application.

10.    All material and information produced by the parties during the course of this litigation which is designated "CONFIDENTIAL" by the producing party shall be used only by authorized persons as defined in this document and only for the purpose of prosecuting or defending in this proceeding, and not for any business or other purpose whatsoever.

11.    Nothing herein shall preclude a party from using or disclosing any confidential documents produced by that party for any purpose.

12.    The provisions of this Protective Order insofar as they restrict the communication and use of discovery material and information designated as "CONFIDENTIAL" shall continue to be binding after the conclusion of this action, unless otherwise permitted by written agreement of the producing party or further order of the Court.

13.    The parties have agreed to the entry of this order to facilitate and expedite discovery; nothing contained herein shall prevent any party from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

14.    Nothing contained herein, constitutes or should be construed as a waiver by any party of the attorney-client privilege or work-product doctrine. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this proceeding or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

15.    Upon final termination of this action, each party shall be under an obligation
to either destroy and confirm such destruction in writing or assemble and return to the other all
Protectable Information designated "CONFIDENTIAL", including all copies of such
documentary material which may have been made and to provide the other party with a copy of
all Exhibit A confidentiality affirmation pages; provided, however, that counsel of record may
keep an itemized list of such documents and things for reference in the event of disputes over the
use or dissemination thereof.  Receipt of returned information designated as "CONFIDENTIAL"
and approval of any itemized list shall be acknowledged in writing.

15A This Order is subject to Standing Order M-10-468, copy attached.

The parties hereto hereby consented and agreed to the entry of the foregoing order.

Dated: January 13, 2020
       New York, New York

REED SMITH LLP                                HODGSON RUSS LLP

By:_____                   By:_____
     Peter D. Raymond, Esq.                        Neil B. Friedman, Esq.
     Spencer D. Wein, Esq.                         605 Third Avenue, Suite 2300
     599 Lexington Avenue                          New York, NY 10158
     New York, NY 10022                            T (646) 218-7605
     T (212) 521-5400                              Email: nfriedma@hodgsonruss.com
     F (212) 521-5450
     Email: praymond@reedsmith.com
            swein@reedsmith.com

                                              *Attorneys for Plaintiffs*

*Attorneys for Defendants*


IT IS SO ORDERED on this ___14th___ day of January, 2020.


BY:_____
     Hon. Lisa M. Smith, USMJ

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRAND PRODUCTION D.O.O. BEOGRAD;
NOVA BH D.O.O. SARAJEVO f/k/a
PINK BH COMPANY D.O.O. SARAJEVO;
PREDUZEĆE ZA INFORMISANJE I MARKETING
NOVA M. D.O.O. PODGORICA; and
UNITED MEDICA S.A.R.L.,

                                  Plaintiffs,

    v.                                                    Case No. 7:19-CV-00499-KMK

WORLD STREAMEDIA, INC. and
CONSOLIDATED TRISTATE NETWORKS, INC.,

                                  Defendants.

---

## EXHIBIT A - CONFIDENTIALITY AGREEMENT

The undersigned, having been requested to assist in connection with Civil Action No. 19-CV-

00499-KMK pending in the United States District Court, for the Southern District of New York,

hereby agrees as follows:

       1.    I have read the Protective Order entered by the Court and agree to abide by

its terms.

       2.    I agree that any discovery material or information designated as

"CONFIDENTIAL" which I see, hear, or learn about in connection with this lawsuit, including

documents and deposition transcripts, may be used solely for the purpose of this lawsuit and not

for any other purpose. I agree not to disclose to any person any such discovery material or

information designated as "CONFIDENTIAL" except as specifically authorized by the

Protective Order.

3.     When this litigation is terminated. I agree to return to the party and lawyers whom I am assisting any discovery material and information designated as "CONFIDENTIAL," and to retain no copies of such materials.

Dated this ____day of_____20__

_____

Signature

_____

Name

_____

Company

_____

Address

8



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN THE MATTER OF RETENTION OF       :
SEALED DOCUMENTS IN CIVIL CASES     :            STANDING ORDER
                                    :            M-10-468
                                    :
------------------------------------X

MICHAEL B. MUKASEY, CHIEF JUDGE:

     Any protective order in any civil case that provides for the filing of information under seal shall include the following provision:

> "Sealed records which have been filed with the clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal.  Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them."

     This order will be self-executing, in that the Clerk will treat all protective orders that direct the sealing of documents in civil cases as if they contain the above provision.

SO ORDERED:

Dated:  New York, New York
       October 5, 2001

                        Michael B. Mukasey,
                        U.S. District Judge

MICROFILM  OCT - 5 2001